**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| QUEEN W. CLAY,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0831-19-0160-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: May 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James R. Klimaski, Esquire, Washington, D.C., for the appellant.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision dismissing her reconsideration request as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding the appellant's eligibility for an extension of the time limit pursuant to 5 C.F.R. § 831.109(e)(2), and to vacate the administrative judge's finding that the appellant failed to prove that OPM abused its discretion or acted unreasonably, we AFFIRM the initial decision.

## BACKGROUND

The appellant retired in 2016 from the District of Columbia Public Schools under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 1 at 3, 6, 14. On October 3, 2017, following the appellant's inquiry regarding her monthly annuity amount, OPM issued an initial decision providing her with the computation of her retirement annuity. IAF, Tab 4 at 14. It informed her that, if she wished to seek reconsideration of the decision, she must do so within 30 days of the date of the letter. *Id*. On November 23, 2017, the appellant submitted a request for reconsideration of the decision. *Id*. at 18. On December 1, 2017, OPM reissued its initial decision and reminded her that she had 30 days to request reconsideration. *Id*. at 11. Four months later, on April 3, 2018, the appellant filed a request for reconsideration. *Id*. at 17. On November 1, 2018, OPM issued a final decision dismissing the appellant's reconsideration request as untimely filed. *Id*. at 9-10.

The appellant appealed OPM's reconsideration decision to the Board arguing the merits of her retirement annuity calculation. IAF, Tab 1 at 7-8. The administrative judge issued an order to show cause, informing the appellant that, if OPM denies an individual's request for reconsideration on the basis of untimeliness, the Board lacks jurisdiction of the appeal unless it finds that OPM's denial was unreasonable or an abuse of discretion. IAF, Tab 5. After holding the requested hearing via telephone, IAF, Tab 1 at 3, Tab 11, the administrative judge issued an initial decision finding that the appellant failed to show that OPM abused its discretion and affirming OPM's reconsideration decision, IAF, Tab 12, Initial Decision (ID) at 3-4.

The appellant has filed a petition for review, arguing, among other things, that her November 23, 2017 request for reconsideration was date-stamped December 1, 2017, and that OPM's December 1, 2017 reissuance of its initial decision right did not address her November 23, 2017 request.[1] Petition for Review (PFR) File, Tab 1 at 9. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

When OPM dismisses an individual's request for reconsideration of an initial decision as untimely, the Board has jurisdiction over an appeal regarding the timeliness determination. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 7 (2015). The Board will reverse a decision by OPM dismissing a reconsideration request on timeliness grounds only if it finds that the dismissal was unreasonable or an abuse of discretion. *Id*. If the Board

---

[1] Along with her petition for review, the appellant has submitted numerous documents. Petition for Review File, Tab 1 at 12-17. Under 5 C.F.R. § 1201.115, new and material evidence may provide a basis for granting a petition for review. Because the documents the appellant submits on review are in the record below, they are not new; accordingly, they do not provide a reason for granting review. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new).

determines that OPM's timeliness determination was unreasonable or an abuse of discretion, Board jurisdiction then attaches to the merits of the appeal. *Id*.

Pursuant to 5 C.F.R. § 831.109(e)(1), a request for reconsideration of an OPM initial decision must be received by OPM within 30 days of the date of the initial decision. *See Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006). OPM has the discretion to extend the time for filing a reconsideration request, but only when the applicant shows: (1) she was not notified of the time limit and was otherwise unaware of it; or (2) she was prevented by circumstances beyond her control from making the request within the time limit. *See* 5 C.F.R. § 831.109(e)(2); *Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir. 1990). If the appellant fails to first show that she was not notified of the time limit and was not otherwise aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit, the issue of whether OPM was unreasonable or abused its discretion in denying her untimely request for reconsideration is not reached. *Davis*, 104 M.S.P.R. 70, ¶ 7.

<u>The administrative judge failed to give the appellant proper notice of her jurisdictional burden, but that failure was cured by the agency's pleadings and the initial decision.</u>

As a preliminary matter, there is a question as to whether the appellant received explicit information on what is required to establish an appealable jurisdictional issue. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The administrative judge's show cause order only informed the appellant that, to establish jurisdiction over the merits of her reconsideration request, she must show that OPM's determination of untimeliness was unreasonable or an abuse of discretion. IAF, Tab 5 at 1, Tab 10 at 2. Thus, we find that the appellant did not receive sufficient *Burgess* notice regarding 5 C.F.R. § 831.109(e)(2) and her eligibility for an extension of time. However, a defective *Burgess* notice may be cured if the agency's pleadings or the initial

decision itself puts the appellant on notice of what she must do to establish jurisdiction. *Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005). Both the initial decision and OPM's pleadings reference the elements of 5 C.F.R. § 831.109(e)(2), informing the appellant that, in order to be eligible to receive an extension of time to file a reconsideration request, she must show that she was not notified of the time limit and was otherwise unaware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. ID at 3-4; IAF, Tab 4 at 5-7. Thus, we find that the deficient *Burgess* notice was cured and that the appellant was on notice of her burden on jurisdiction both before and after the issuance of the initial decision, providing her with the opportunity to fully address this issue on the record.

Because the appellant was on notice of these elements and had an opportunity both below and again on review to show that she was eligible for an extension of time for filing a reconsideration request, we find that her substantive rights were not prejudiced by the administrative judge's omission in the show cause order and that the record is sufficiently developed to address the issue here. *See Flores v. Department of the Army*, 98 M.S.P.R. 427, ¶ 9 (2005) (finding the appellant's substantive rights were not prejudiced by the administrative judge's failure to provide notice of the jurisdictional requirements when the initial decision so informed the appellant but he still failed to establish jurisdiction on review).

<u>The appellant failed to show that she was not notified of the time limit or was otherwise unaware of it, or that she was prevented by circumstances beyond her control from making the reconsideration request within the time limit.</u>

In the initial decision, the administrative judge set forth the elements in 5 C.F.R. § 831.109(e)(2). ID at 3. Regarding the first element, she stated that OPM "clearly advised the appellant of the time limit for filing a reconsideration request in its letter dated December 1, 2017." *Id*. Regarding the second element, she addressed the surrounding circumstances regarding the multiple requests for

reconsideration, laying out the timeline of communication between the appellant and OPM. ID at 2-4. Without making an explicit finding on whether the appellant showed that she was eligible for an extension of time, the administrative judge found that the appellant failed to show that OPM's dismissal of the appellant's request for reconsideration was unreasonable or an abuse of discretion and, thus, affirmed OPM's reconsideration decision. *Id*.

After our review of the record, we find that the appellant has not shown, or even alleged, that circumstances existed beyond her control that prevented her from making the request within the time limit. *See* 5 C.F.R. § 831.109(e)(2). As previously noted, the appellant alleges on review that the December 1, 2017 reissuance of OPM's initial decision failed to address her November 23, 2017 request for reconsideration. PFR File, Tab 1 at 9. Although the appellant's assertion is correct, she nevertheless has not explained why she could not request reconsideration of the December 1, 2017 initial decision in a timely manner. IAF, Tab 1 at 7-8, Tab 9; PFR File, Tab 1 at 7-10. Moreover, we agree with the administrative judge that the agency provided clear notice of the time limit for filing a reconsideration request in its letter dated December 1, 2017. ID at 3; IAF, Tab 4 at 11. Accordingly, we modify the initial decision to supplement the administrative judge's analysis of 5 C.F.R. § 831.109(e)(2) to find that the appellant failed to meet either element under the regulation, and, therefore, failed to show that she was eligible for an extension of time.

Because we find that the appellant failed to meet her initial burden under 5 C.F.R. § 831.109(e)(2), we need not address whether OPM's actions were unreasonable or an abuse of discretion. *See Davis*, 104 M.S.P.R. 70, ¶ 7. As such, we also modify the initial decision to vacate the administrative judge's finding that the appellant failed to prove that OPM's actions were unreasonable or an abuse of discretion.

Accordingly, we affirm the initial decision as modified by this Nonprecedential Final Order, supplementing the administrative judge's analysis

of whether the appellant showed that she was eligible for an extension of time to request reconsideration, vacating the administrative judge's finding concerning the reasonableness of OPM's decision, and still affirming OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.